**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>SPEECH & LANGUAGE CENTER, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 22-2341 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff JP Morgan Chase Bank, N.A.'s ("Chase") Motion to Remand. (ECF No. 6.) Defendants Chryssoula Marinos-Arsenis ("Arsenis") and Speech & Language Center, LLC ("Speech & Language," and collectively, "Defendants") opposed the Motion in multiple submissions (ECF Nos. 8, 9, 10),[1] and Chase replied (ECF No. 12). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Chase's Motion.

**I.   BACKGROUND**

This matter arises from Defendants' nonpayment on a line of credit with Chase. (*See generally* Notice of Removal Ex. 1 ("Compl."), ECF No. 1-1.) In January 2016, Chase filed suit

---

[1] Arsenis may proceed pro se in federal court. But Speech & Language, a corporation, may not. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

in New Jersey Superior Court, seeking damages. (*Id.*) After Defendants were served with the Complaint, they filed an answer and counterclaims. (*See generally* Notice of Removal Ex. 1 ("Answer & Countercl. Compl."), ECF No. 1-1.) Rather than engage in protracted litigation, in June 2016, the parties entered into a settlement and Defendants consented to an entry of final judgment in the amount of $302,395.77 in favor of Chase. (Pl.'s Moving Br. 5, ECF No. 6.) Thereafter, the parties also entered into two additional settlement agreements. (*Id.*) According to Chase, in July 2019, Defendants defaulted on the third settlement agreement when they failed to pay the balance due on the Final Judgment in the amount of $206,568.05. (*Id.*) In February 2020, Chase requested that the state court enter the Final Judgment as a lien. (*Id.*)

With Chase breathing down their necks for payment, Defendants filed a flurry of motions in 2020 and 2021. (*Id.* at 6.) In April 2022, with Defendants' state court motions failing, Arsenis removed the action to this Court, undeterred that Final Judgment had been entered in state court six years prior. (*Id.*) Chase moved for remand, claiming the matter was not timely removed. (Pl.'s Moving Br.) After the parties submitted a series of briefing and exhibits (ECF Nos. 6, 8, 9, 10, 11, 12), Chase's Motion is now before the Court.

## II.    **LEGAL STANDARD**

For a federal court to hear a case, it must have diversity or federal question jurisdiction over the issue. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction. *Id.* § 1447(c).

The removal statute "is to be strictly construed against removal." *Samuel-Basset v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."). Thus, a district court has the authority to remand a case that was removed to federal court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

### III.  DISCUSSION

Defendants' removal of this case is untimely. The removal statute requires that a notice of removal be filed within thirty days of the defendant's receipt of the original complaint by service or otherwise. 28 U.S.C. § 1446(b). This time limit is a procedural bar to removal, independent of any jurisdictional question. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("It is well settled that § 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one."). Here, Arsenis removed this action well-beyond the thirty-day removal limitation. The Complaint was both filed and served *over six and a half years ago*. Without question, Defendants are in excess of the thirty-day period they had in which to remove this matter. *Oparaji v. Innovate 1 Servs., Inc.*, No. 18-8668, 2018 WL 4922367, at *1 (D.N.J. Aug. 2, 2018); *see also Bissell v. Saga Glob. Cap. Mgmt., LLC*, No. 20-7393, 2020 WL 7210024, at *2 (D.N.J. Aug. 17, 2020) (remanding when defendant filed notice of removal 31 days after receipt of offer of judgment); *HSBC Bank USA, N.A. v. Ruffolo*, No. 15-2891, 2015 WL 9460560, at *3 (D.N.J. Dec. 23, 2015).

Out of an abundance of caution, the Court considers Defendants' arguments in favor of finding removal proper. *First*, Defendants proclaim that removal was timely because they removed this action within thirty days of a motion that they filed in state court. (Defs.' Opp'n Br. *4, ECF No. 8.)[2] But this argument rests on shaky grounds. Defendants miss the mark because the removal statute allows a defendant (with consent of all other defendants in the action) to remove an action within thirty days of being *served the pleadings*. 28 U.S.C. § 1446(b) (emphasis added). A *motion*, on the other hand, does not trigger a new thirty-day period to remove an action. Especially not one that *Defendants* filed. If defendants were able to remove a matter thirty-days after filing a motion, that would render toothless the removal statute's time bar.

*Second*, Defendants contend that subject matter jurisdiction can be challenged at any time and thus removal was timely. (Def.'s Opp'n Br. *15.) But that is wrong on the law and equally without merit. Subject matter jurisdiction is a *separate*, independent requirement to punch a ticket to federal court. But a finding of subject matter jurisdiction does not steamroll the thirty-day limitation. Both requirements hold equal weight, and a failure to meet either bars entry to removal to federal court. *Kamdem Ouaffo v. Naturasource Int'l, LLC*, No. 15-6290, 2015 WL 5722837, at *3 (D.N.J. Sept. 29, 2015) ("But courts have found removal petitions under Section 1454 to be untimely where the petitioner delayed removal, actively engaged in state court litigation, and only sought removal on the eve of an unfavorable judgment." (citation omitted)).

---

[2] Page numbers preceded with an asterisk reference the page numbers at the top of the ECF filing.

## IV.   CONCLUSION

For the above reasons, the Court grants Chase's Motion. An appropriate order will follow.

_/s/ Michael A. Shipp_
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE
